|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| Mauricio L. Melendez, | 2:16-cv-01003-JAD-CWH |
|---|---|
| Petitioner | **Order Dismissing Petition Ground 1(e) for Failure to Exhaust** |
| v. | [ECF No. 23] |
| Dwight Neven, et al., | |
| Respondents | |

Counseled petitioner Mauricio Melendez is serving a 20-years-to-life sentence at the High Desert State Prison for first-degree murder with a consecutive 8–20-year sentence for using a deadly weapon.[1] He petitions for a writ of habeas corpus under 28 U.S.C. § 2254,[2] and respondents move to dismiss ground 1(e) as unexhausted.[3] I agree that ground 1(e) is unexhausted, so I grant the motion and dismiss it.

## Background

Melendez was convicted in state court of first-degree murder with the use of a deadly weapon after his wife was allegedly accidentally shot in the head while the two were handling a gun in their home while intoxicated.[4] Melendez did not call the police immediately. He instead followed the customs of El Salvador and laid his wife on the sofa, crossed her arms, and wrapped her body.[5] After the judgment of conviction was affirmed by the Nevada Supreme Court on

---

[1] Nev. Dep't of Corr. (Feb. 15, 2018) http://doc.nv.gov/Inmates/Home/ (inmate search by name Mauricio Melendez or offender ID 1042405).

[2] ECF No. 18.

[3] ECF No. 23.

[4] ECF No. 25 at 2.

[5] *Id.*

direct appeal, Melendez filed a post-conviction habeas petition in state district court.[6] He raised several ineffective-assistance-of-counsel grounds, including ground 1(e)[7] in which Melendez claims that his counsel was ineffective for failing to hire an expert on El Salvadorian customs to explain his behavior after his wife was shot.[8] Ground 1(e) was not raised on direct appeal and was raised for the first time in Melendez's state post-conviction proceeding.[9]

The court found that Melendez's trial counsel was ineffective in several respects—although it rejected ground 1(e) as one of them—and granted his petition.[10] The government appealed the district court's decision to the Nevada Supreme Court, but it had no reason to appeal the rejection of ground 1(e).[11] Melendez did not raise ground 1(e) in his answering brief.[12] So, the Nevada Supreme Court never had the opportunity to address ground 1(e) on direct appeal or on collateral review. Now, the government moves to dismiss ground 1(e) as unexhausted, and Melendez responds that it fits within a narrow exception to the exhaustion rule because there was no firmly established practice of exhausting it in the Nevada courts.

## Discussion

A claim generally remains unexhausted until the petitioner has given the highest available state court the opportunity to consider it through direct appeal or state collateral-review

---

[6] *Id.* at 3.

[7] Ground 1(e) in this case was identified as ground one in his state post-conviction proceedings. ECF No. 20-28 at 8 (state habeas petition). I refer to it throughout this order as ground 1(e) for clarity's sake.

[8] ECF No. 18 at 188-20.

[9] *See generally* ECF No. 25 at 3.

[10] ECF No. 21-13.

[11] ECF Nos. 21-15, 21-16.

[12] ECF No. 21-21.

proceedings.[13] "The exhaustion doctrine . . . turns on an inquiry into what procedures are 'available' under state law."[14] A petitioner may skip a procedure that may provide relief only if a state law or rule precludes use of the procedure,[15] or the "State has identified the procedure as outside the standard review process and has plainly said that it need not be sought for the purposes of exhaustion."[16] Melendez argues that because his petition was granted by the state district court he could only raise ground 1(e) to the Nevada Supreme Court in a cross appeal.[17] He contends that there is no firmly established state practice for filing a cross appeal because Nevada law only allows appeals to be filed by the party aggrieved by an order.

Relying on *Ford v. Showboat Operating Co.*,[18] Melendez argues that the Nevada Supreme Court does not recognize jurisdiction over a cross appeal filed by a non-aggrieved party. But as the government points out, the *Ford* court noted that "[a] respondent may, . . . without cross-appealing, advance any argument in support of the judgment even if the district court rejected or did not consider the argument."[19] While it may not be typical in Nevada for a party who has prevailed in the lower court to raise, as an appellee, alternative arguments in support of the lower court's judgment, the procedure is not "extraordinary" under Nevada law. So Melendez could have argued to the Nevada Supreme Court in his answering brief that the state district court erred when it denied ground 1(e), but he failed to do so. So, I find that ground 1(e) is unexhausted.

Because ground 1(e) is unexhausted, Melendez's petition is a mixed one and may be

---

[13] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[14] *O'Sullivan*, 526 U.S. at 847.

[15] *Id.* at 848.

[16] *Id.* at 850 (Souter, J., concurring); *see also Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

[17] ECF No. 25.

[18] *Ford v. Showboat Operating Co.*, 877 P.2d 546, 549–50 (Nev. 1994).

[19] *Ford*, 877 P.2d at 548.

dismissed under *Rose v. Lundy*.[20] But in *Rhines v. Weber*, the Supreme Court held that a district court has discretion to stay a mixed petition when a *Lundy* dismissal may result in claims being barred by the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[21] So, Melendez now has two options: (1) abandon ground 1(e) and proceed in this case on his exhausted claims; or (2) request that these proceedings be stayed and held in abeyance while he exhausts ground 1(e) in state court.

Accordingly, IT IS HEREBY ORDERED that respondents' motion to dismiss **[ECF No. 23] is GRANTED**. Ground 1(e) of Melendez's first-amended petition (ECF No. 18) is dismissed as unexhausted.

IT IS FURTHER ORDERED that **Melendez has until March 19, 2018, to: (1) inform this court, through counsel, that he wishes to abandon ground 1(e) and proceed on his exhausted claims; OR (2) file a motion for a stay and abeyance, asking the court to stay these proceedings while he returns to state court to exhaust ground 1(e).**

If Melendez chooses option one, then respondents will have 30 days from the date that Melendez serves his declaration of abandonment to answer the petition on the surviving grounds. The answer must contain all substantive and procedural arguments for all surviving grounds and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Melendez will then have 30 days from the date of service of the answer to reply. If Melendez chooses option two, then respondents may respond according to the Local Rules.

IT IS FURTHER ORDERED that **if Melendez fails to respond to this order by March 19, 2018, this case will be DISMISSED without further prior notice.**

---

[20] *Rose v. Lundy*, 455 U.S. 509 (1982).

[21] *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

4

1       IT IS FURTHER ORDERED that respondents' motion for leave to file late pleading **[ECF No. 28] is GRANTED** *nunc pro tunc* to October 10, 2017.

DATED: February 20, 2018.

                                                               _____
U.S. District Judge Jennifer A. Dorsey